By the Court.
The provision in Section 6, Article IV of the Constitution of Ohio, as amended September 3, 1912, directing the judges of a court of appeals to certify the record of a case to the supreme court for review and final determination where they find that a judgment which they have agreed upon is in conflict with the judgment pronounced upon the same question by any other court of appeals of the state, does not authorize the judges of the court of appeals to certify the record of a case where they find that a judgment upon which they have agreed is in conflict with the judgment pronounced upon the same question by a circuit court.
While, under the amendments to the constitution, the courts of appeals are successors to the circuit courts of the state, yet they are not the same as the circuit courts. The amendments to the constitution create the courts of appeals, and the framers of the amendments to the constitution specifically designate that the judgment upon which one court of appeals has agreed must be in conflict with the judgment pronounced upon the same question by another court of appeals. Courts have no power or authority to extend the plain and positive provisions of this section to include circuit courts.
Aside from this consideration, however, it is apparent that the circuit courts were not intended to be included within this provision of the constitu *105 tion. The circuit courts, as they existed prior to the amendments to the constitution, did not have final jurisdiction. Any party to a suit aggrieved by the decision of the circuit court then had a right to prosecute error to the judgment of that court in the supreme court of this state. These judgments, therefore, were not judgments of a court of last resort and were binding only upon the parties to the suit and courts inferior thereto in that' jurisdiction. Under the amendments to the constitution creating the court of appeals that court is vested with final jurisdiction in all cases, except cases involving questions arising under the constitution of the United States or of the state of Ohio, cases of felony, cases which originate in the court of appeals, and cases of public or great general interest, so that where the judgment of one court of appeals conflicts with that of another, it is necessary that the question involved should be submitted to the supreme court in order that the practice and the general interpretation of the laws of the state should be uniform throughout the state. No such necessity existed prior to the adoption of the amendments, and, therefore, judgments entered by the circuit courts of the state cannot be considered in determining the jurisdiction of this court under this provision of the constitution.

Motion to dismiss sustained.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.